LOUIS H. ARKY *v.* WILLIAM D. CAMERON.

[46 South., 54.]

**1.** JUSTICES OF THE PEACE. *Certiorari. Code* 1906, § 90. *Trial. Garnishment. Defective record. Jury trial.*

Under Code 1906, § 90, governing *certiorari* proceedings from justice courts and confining the circuit court to an examination of questions of law arising on the record, the circuit court should not award a trial by jury to determine whether a garnishee, at whose instance the writ was granted, had or had not made answer in the justice court exempting him from judgment by default in plaintiff's favor, although the record, failing to contain the answer, showed a notation by the justice of the peace that the garnishee's answer denied all indebtedness, followed by a default judgment against him.

**2.** SUPREME COURT PRACTICE. *Correct judgment. Harmless error.*

Where it is apparent that a correct result was reached by the trial court, the supreme court will not reverse the judgment because of precedent non-prejudicial errors in the proceedings.

**3.** GARNISHMENT. *Answer of garnishee. Code* 1906, § 2342.

Under Code 1906, § 2342, specifying the several matters to be contained in the answer of a garnishee, an answer is not sufficient if it simply deny all indebtedness.

FROM the circuit court of Lauderdale county.

HON. ROBERT C. COCHRAN, Judge.

Cameron, appellee, was plaintiff in the court below; one Crossgrove was defendant and Arky, appellant, garnishee there. From a judgment in plaintiff's favor against the garnishee the latter appealed to the supreme court. The facts are stated in the opinion of the court.

*G. Q. Hall, Hall & Jacobson,* for appellant.

The trial by jury had in the circuit court was unauthorized and contrary to the plain provisions of the statute.

The statute expressly provides that "the court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings." In case of affirmance of the judgment of the justice the same judgment is required to be given as on appeals. In case of a reversal the circuit court is empowered to enter up such judgment as the justice should have entered, if the same be apparent, or to try the cause anew on its merits. Code 1906, § 90; *Burrows* v. *Sanders,* 57 Miss., 211; *Evans* v. *Railroad Co.,* 74 Miss., 230, 21 South., 15; *McInnis* v. *Greaves,* 80 Miss., 632, 31 South., 902.

The order of court requiring the parties to submit to a jury an unauthorized proposition, whether or not an answer was filed by the garnishee before the actual rendition of judgment against him by the justice court was unwarranted. What did that order, and the trial in pursuance thereof legally imply? That a petit jury should determine the validity or invalidity of the judgment of the lower court by their finding of an issue of fact upon the testimony then adduced as to whether an answer was actually filed.

*C. C. Miller, Jr.,* and *Charles B. Cameron,* for appellee.

In the circuit court the issue of fact presented by the appellant and the appellee was as to whether or not there had been an answer filed by the garnishee before the rendition of the judgment against him. This issue of fact was directed by the circuit court to be submitted to a jury, the substance of which was as to whether or not it was true, as alleged in the petition for writ of *certiorari* that the answer of the garnishee was on file in the justice court at the time of the rendition of the two judgments against him. This issue of fact was submitted to a jury, and the jury found that there was no answer filed prior to the rendition of the two judgments against the

said garnishee and the appellant herein. The record does not show any objection on the part of the appellant to the issue thus formed in the circuit court, and there appears no exceptions in any manner or form indicating that the trial of this question of fact before a jury was in any wise objectionable to the appellant. So far as the record shows, the issue thus formed was in exact accordance with the wishes of the appellant, as the appellant and appellee both went to the jury upon this question of fact, and as above stated, the issue was found in favor of the appellee, that is, that no answer had ever been filed prior to the rendition of the judgments against the garnishee by the justice of the peace on the 7th day of January, 1907.

The complaint is made for the first time in this court, that the ruling of the lower court was erroneous or prejudicial to the appellant in this, that the court should have been confined to the examination of the question of law arising or appearing on the face of the record and proceeding, and that in case of affirmance of the judgment, the same judgment should have been given as given by the justice of the peace. Or, in case of reversal, the judgment should have been such as the justice of the peace should have rendered, or to try the cause anew on its merits.

This court has time and again announced that objections to the proceedings of the lower court should be pointed out while the cause is pending in said court and not be presented for the first time in this court.

CALHOON, J., delivered the opinion of the court.

Cameron, the appellee here, recovered two separate judgments in the court of a justice of the peace against one Crossgrove, and garnished Arky, the appellant. Judgment by default was taken in the justice's court against the garnishee in both the cases, and both were brought to the circuit court by a writ of *certiorari* based upon Arky's petition that he, as garnishee, had filed his sworn answers in the justice's court, "denying all indebtedness to the said Crossgrove, his answer

complying with all requirements of the statute; that no traverse
to his answer was filed by the judgment plaintiff, or by anybody
for him." In the circuit court the two cases were consolidated,
and Cameron moved to quash the writ of *certiorari,* because the
record showed that there was no answer filed to the writ of gar-
nishment. On the hearing of this motion to dismiss the writ
of *certiorari,* the court overruled the motion and sustained the
writ of *certiorari,* and then, in the same order it is recited as
follows: "But the court is of the opinion that it is a question
for the jury to determine whether or not the petitioner in cer-
tiorari, who was the garnishee in the court below, actually filed
his answer as required by law. It is therefore the order of the
court that the question shall be submitted to the jury, and
that the burden is on the petitioner to show a valid filing of his
answer as garnishee." The record proper shows that thereupon
there was a trial by jury, and a verdict for Cameron against
the garnishee, and the consequent judgment of the court that
Cameron recover his costs from the garnishee, and a motion for
a new trial was overruled.

Of course, all these proceedings were erroneous, because the
statute (Code 1906, § 90) is specific that "the court shall be
confined to the examination of questions of law arising or ap-
pearing on the face of the record and proceedings." There is
nothing among any of the papers from the justice's court which
shows what the answer of the garnishee was. The only reference
whatever to the garnishee's answer is simply a notation by the
justice of the peace that a writ of garnishment was issued, and
that there was a return of personal service, and "answer filed,
denying all indebtedness, December 3, 1906," and the notation
that the garnishee made default, and the judgment against him
in favor of Cameron. If we are to go by this, there seems to
have been no sufficient compliance with Code 1906, § 2342,
which requires several other things to be included in the answer
besides a denial of indebtedness. This being the situation of
things, and there appearing in this record no bill of exceptions

to anything, and no testimony whatever, it is very forcibly and ingeniously argued that there should be a reversal on this record proper, because the court permitted a jury trial, and because of errors assigned as to the giving of certain instructions and the refusing of other instructions; the point being made by the appellant that this action could not be right under any conceivable state of case. However, an appellant must do two things in order to obtain a reversal. He must show that there was error committed, and he must also show that the error was prejudicial to him. We cannot say that the error was prejudicial, because we do not know what case was presented by the facts or by the bill of exceptions. From what we can glean from the record proper, we should say that, while there was plain error in ordering a jury trial, still, so far as we can gather, it could not have been prejudicial, because, on what does appear, the court should not have overruled the motion to quash the writ of *certiorari,* and therefore the result was exactly what it would have been if the proceedings had been regular. It may be, if we had the facts and bill of exceptions, it would appear that the result was exactly right under any state of case.

*Affirmed.*

### SUGGESTION OF ERROR.

After the delivery of the foregoing opinion the appellant filed a suggestion of error, to which the court responded as follows:

CALHOON, J., delivered the opinion of the court in response to the suggestion of error.

We have given careful attention to the suggestion of error filed by learned counsel in this case. They insist that the action of this court should have been a reversal of the judgment of the circuit court and a remand for a *procedendo* to the court of the justice of the peace, thus giving Arky an opportunity to seek his remedy in a court of equity. Of course, whatever we might do, we could make no suggestion, nor could we express

any opinion, as to what further procedure, if any, counsel had a right to or might take.

Counsel are right, this court in the opinion referred in one place to the motion to quash as a motion to dismiss. The word "dismiss" was either an inadvertence of the judge who rendered the opinion or a mere oversight of the stenographer; but, in either case, it had not the slightest effect upon the meaning of the opinion, and could not possibly have misled anybody—the language of the original opinion being this: "In the circuit court the two cases were consolidated, and Cameron moved to quash the writ of *certiorari* because the record showed that there was no answer filed to the writ of garnishment. On the hearing of this motion to dismiss the writ of *certiorari*, the court overruled the motion and sustained the writ."

Learned counsel are also right in their criticism of the expression in the original opinion of the words "consequent judgment of the court that Cameron recover his costs from the garnishee." This would have been, of course, as discoverable from the full opinion, that Cameron recover his judgment and costs from the garnishee; the words "judgment and" being omitted in haste and by mistake. However, the expressions of an opinion are not controlling, because it is the judgment itself which speaks for the court, and the judgment in this case is in precise conformity with the statute (Code 1906, § 90), which directs that, "in case of an affirmance of the judgment of the justice, the same judgment shall be given as on appeals." The conclusion of this court was that the judgment of the court below was in effect an affirmance of the judgment of the justice of the peace, and, under the statute, the judgment which it indicates must follow the affirmance.

We are compelled, therefore, to hold that this suggestion of error should be, as it now is, *overruled.*